**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.

MICHAEL LEE SMITH,
    *Defendant-Appellant.*

No. 01-4265

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Andre M. Davis, District Judge.
(CR-99-466-AMD)

Submitted: September 25, 2001

Decided: October 16, 2001

Before WIDENER, WILLIAMS, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

James Wyda, Federal Public Defender, Alexandra Natapoff, Assistant Federal Public Defender, Baltimore, Maryland, for Appellant. Stephen M. Schenning, United States Attorney, Jonathan P. Luna, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Michael Lee Smith pled guilty to one count of possession of a firearm by a convicted felon pursuant to 18 U.S.C.A. § 922(g)(1) (West 2000); he was sentenced to a term of imprisonment of fifty-one months. Smith reserved the right in his plea agreement to contest the district court's denial of his motion to suppress the fruits of a challenged search of his home. Finding no error, we affirm.

Initially, Smith challenges the police practice of "knock and talk" when no probable cause or reasonable suspicion exists to question the residents of a dwelling. We find the officers' conduct appropriate under the standard recognized by this court in *United States v. Cephas*, 254 F.3d 488, 494 (4th Cir. 2001).

Smith next avers that Charlene Smith, his wife, did not give consent for the police to either enter the house or to search the house. Whether knowing and voluntary consent was given to search is a factual determination that is reversed on appeal only if clearly erroneous. *United States v. Elie*, 111 F.3d 1135, 1144 (4th Cir. 1997). The government must establish knowing and voluntary consent by a preponderance of the evidence, which is assessed under a "totality of the circumstances test." *United States v. Latimore*, 87 F.3d 647, 650 (4th Cir. 1996) (en banc). The district court's determination of witness credibility is entitled to great deference. *United States v. Murray*, 65 F.3d 1161, 1169 (4th Cir. 1995). In reviewing the totality of the circumstances surrounding the entry to the Smith residence and the search, as well as the district court's credibility determination, we conclude that the district court did not clearly err in finding that Mrs. Smith consented to the entry of the police officers and provided knowing and voluntary written consent for the search of the home.

We therefore affirm Smith's conviction. We dispense with oral argument because the facts and legal contentions of the parties are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*